1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| P. POE 5, and P. POEs 2 through 4 and 6 through 75, individually and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>THE UNIVERSITY OF WASHINGTON, a Washington public corporation; ELIZA SAUNDERS, Director of Public Records and Open Public Meetings at the University of Washington, in their official capacity,<br><br>            Defendants. | No. 2:24-CV-00170<br><br>**COMPLAINT**<br><br>**CLASS ACTION** |

Plaintiff P. Poe 5 brings this Complaint on behalf of themselves and all those similarly situated ("Plaintiffs"), against Defendant the University of Washington, and against Defendant Eliza Saunders in their official capacity as Director of Public Records and Open Public Meetings at the University of Washington. Under Fed. R. Civ. P. 65, Plaintiffs seek a Temporary Restraining Order and Preliminary Injunction restraining the University and Saunders from disclosing certain unredacted records that would reveal Plaintiffs' identities as the members, alternate members, and former members/alternates of the Institutional Animal Care and Use Committee of the University

COMPLAINT - 1
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

of Washington ("IACUC" or "the Committee"), in response to public records requests made to the University of Washington under Washington's state Public Records Act.

The IACUC reviews and monitors the use of animals in medical research at the University. It currently operates anonymously, as authorized by federal regulations, due to threats of harassment of Committee members by members of the public who oppose the use of animals in medical research.

Multiple requesters of public records, including requesters affiliated with organizations that oppose animal research, have filed requests with the University of Washington under Washington's Public Records Act seeking the disclosure of records that the UW believes would reveal Plaintiffs' identities as IACUC members and alternates, and thus end their anonymous service on the IACUC.

Under Washington's Public Records Act ("PRA"), along with the Constitution of the United States and the Washington Constitution, Plaintiffs' constitutional rights to informational privacy, personal security, and bodily integrity, free from harassment or threats, exempt Plaintiffs' personally identifying information from disclosure under the PRA, and/or outweigh the interests of these requesters in revealing Plaintiffs' identities. Plaintiffs seek, on their own behalf and on behalf of those similarly situated, an order of this Court enjoining the release of relevant records without the redaction of IACUC members' names and any other personally identifying information. Plaintiffs further seek to enjoin the unredacted release of any related documents or communications that would reveal members' names and other personally identifying information in association with Plaintiffs' service on the IACUC.

Under Revised Code of Washington Sections 4.24.580, 42.56.070(1), and 42.56.540, Plaintiffs are further (or in the alternative) entitled to an injunction against disclosure under the PRA, as individuals employed at a research or educational facility where animals are used for research, educational, or agricultural purposes who are harassed, or believe they are about to be harassed, by an organization, person, or persons whose intent is to stop or modify the facility's use or uses of an animal or animals.

COMPLAINT - 2
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiffs allege as follows:

## I.    PARTIES

**Proposed Class Representatives**

1.    Plaintiff P. Poe 5 is a current member or alternate of the University of Washington's IACUC, whose identity has not been publicly disclosed, and who seeks to proceed pseudonymously due to the essential issue in this litigation being the confidentiality of their identity.

2.    The remaining Plaintiffs seek to proceed pseudonymously as "P. Poe [X]" due to the essential issue in this litigation being the confidentiality of their identities.

3.    P. Poes 2-4 and 6-75 are a proposed class of individuals who are members, alternate members, or former members of the UW IACUC and may be added as plaintiffs because their personally identifying information is reflected in the records at issue or in related documents or communications. Many of Plaintiffs are employees of the University of Washington or of a research or educational facility where animals are used for research, educational, or agricultural purposes.

4.    Plaintiffs seek to proceed in a class action filed by P. Poe 5 on behalf of all persons similarly situated ("P. Poes 2-4, 6-75") (collectively, "Plaintiffs").

**Defendants**

5.    Defendant University of Washington is a Washington public corporation.

6.    Defendant Eliza Saunders is an official of the University of Washington, serving as Director of Public Records and Open Public Meetings at the University of Washington. Defendant Saunders is sued in their official capacity, as a "person" as defined in Title 42, United States Code, Section 1983. On information and belief, Defendant Saunders is the official responsible for administering the University of Washington's response to Public Records Act requests. The

COMPLAINT - 3
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

University of Washington and Saunders are collectively referred to herein as "Defendants" or the "UW Defendants."

## II.    JURISDICTION AND VENUE

7.    This case arises under: the United States Constitution; the Constitution of the State of Washington; Title 42, United States Code, Section 1983; Title 42, United States Code, Section 289d (the Health Research Extension Act of 1985, Pub. L. No. 99-158); and Title 7, United States Code, Section 2143 (the Food Security Act of 1985, Pub. L. No. 99-198).

8.    This Court has jurisdiction over this action under Title 28, United States Code, Sections 1331 and 1343.

9.    This Court has pendent or supplemental jurisdiction over claims arising under the laws of the State of Washington under Title 28, United States Code, Section 1367(a).

10.    Venue in this Court is proper under Title 28, United States Code, Section 1391(b)(2), because, on information and belief, the records at issue are maintained by the University of Washington in Seattle, Washington, and because Defendant Saunders exercises their official duties in Seattle, Washington, and made the decision in Seattle to produce relevant records.

## III.    FACTS

11.    The Institutional Animal Care and Use Committee at the University of Washington is a committee associated with the University and established pursuant to federal law (Title 42, United States Code, Section 289d (the Health Research Extension Act of 1985, Pub. L. No. 99-158); and Title 7, United States Code, Section 2143 (the Food Security Act of 1985, Pub. L. No. 99-198).

12.    In the United States, every institution that accepts government funding for research involving the use of animals is required by federal law to have an IACUC to review, approve, and monitor all current or proposed research projects involving vertebrates or cephalopods (e.g. octopi). IACUCs are responsible for ensuring that animals receive the care, treatment, and respect

COMPLAINT - 4
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

that they deserve, as critical components of biomedical research to find cures for diseases and conditions that afflict both humans and animals.

13.    According to the Society for Neuroscience, the American Academy of Neurology, the American Physiological Society, and the American Transplant Foundation, medical research involving nonhuman primates "has led to critical health advances," in areas such as "vaccine development, Alzheimer's, Parkinson's and cancer research, diabetes, organ transplants, and blood pressure control," that "have saved or improved millions of human lives."

14.    An IACUC must comply with federal laws, guidelines, and policies. It is subject to inspection by the U.S. Department of Health and Human Services, and the U.S. Department of Agriculture.

15.    The IACUC at the University of Washington has a website describing its organization and its activities, available at << https://oaw.uw.edu/iacuc/>>.

16.    The UW IACUC website states: "The IACUC ensures compliance with federal regulations, reviews and approves each proposed animal project before it can begin, inspects animal facilities, and performs a comprehensive review of the University's animal program twice a year."

17.    The UW IACUC website further states: "IACUC members are appointed by the Institutional Official (IO), who is granted that authority by the President of the University. The IO is responsible for the proper functioning of the University's animal care and use program, including compliance with all laws and regulations. The IO at the University of Washington is the Sr. Associate Vice Provost for Research Administration and Integrity."

18.    Service on the UW IACUC is voluntary and uncompensated.

19.    Members and alternates of the UW IACUC include individuals who are employees of the University of Washington.

20.    The website further describes that "The committee includes at least one scientist with expertise in experiment design, at least one veterinarian experienced in care of research

COMPLAINT - 5
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

animals, at least one non-scientist, and at least one unaffiliated member — someone not employed by UW and whose immediate family members are not UW employees."

21.     The IACUC must evaluate and prepare reports on all of the institution's programs and facilities (including satellite facilities) for activities involving animals at least twice each year. The reports are addressed to the Institutional Official.

22.     Among the facilities affiliated with the University of Washington is the Washington National Primate Research Center ("WaNPRC"), which has been the subject of various PETA protests.

23.     As the website states, the IACUC has monthly meetings that are open to the public and include a public comment period. The monthly meeting schedule is announced in advance on the website, which also provides the Zoom link to join the meetings. << https://www.washington.edu/oaw/iacuc-meeting-schedule/ >> (reviewed December 28, 2023). The website also makes available both the minutes of the monthly IACUC meetings and the committee's semi-annual reports to the Institutional Official.

24.     The UW IACUC website also includes a link for "Reporting Animal Welfare Concerns" to the UW's Office of Animal Welfare, which notes "The reported deficiency or problem will be investigated and reported to the UW IACUC. Individuals who reported concerns anonymously can view IACUC meeting minutes on this website in order to see the results and maintain their anonymity. Concerns may be submitted anonymously with the form." *Id*.

25.     Although the IACUC meetings are open to the public, the IACUC at the University of Washington has for some time operated with a limited amount of anonymity for its members and alternates, specifically due to ongoing threats and harassment of committee members by members of the public who oppose the use of animals in research. For these reasons, the federal agencies that regulate IACUC committees (including HHS and the Department of Agriculture) allow the University of Washington's committee to continue to keep confidential the names of

COMPLAINT - 6
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

current and former committee members and alternates, other than Dr. Jane Sullivan (the Chair), and the lead veterinarian.

26.     Even with this limited anonymity for IACUC members and alternates, the public still can view and comment at IACUC meetings. Some members of the public have made use of the public comment time to make harassing and threatening comments to Committee members. For example, public commenters have regularly accused members of the UW IACUC and UW animal researchers of being "sadistic" and like "Nazis," and compared the UW to "Auschwitz," for supporting animal research. A substantial number of similar hostile comments have been made at various IACUC meetings.

27.     IACUC members and alternates are also aware of a variety of other harassing and threatening communications directed at them and their University of Washington colleagues as a result of their association with the IACUC and/or with animal research. This has included, but is not limited to, an email directed to UW stating that people who work with animals in research are "vile [expletive] humans" and that "I'm going to do what is necessary to stop animal research." Animal research opponents have listed a UW IACUC member's cats by name and asked how the member would feel if the cats were subjected to "spinal-cut research."

28.     During the 2022 litigation (see below), another organization, Animal Rights Watch, posted online "MURDER CONFIDENTIAL: Animal Research Panel Sues Own University, Fearing Harassment from Animal Rights Activists," pasted over an image of UW with the label "UW PRIMATE LAB SEATTLE Auschwitz for MONKEYS."

29.     Animal research opponents, including individuals who specifically identified themselves as supporters of the group People for the Ethical Treatment of Animals, picketed outside the private residence of an individual involved in animal research at UW, wearing monkey masks, and told the individual's neighbors they "hurt monkeys." PETA is an international organization that opposes what it terms "unethical" treatment of animals, including the use of

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

animals in medical research. PETA previously made a specific request for the disclosure of records of the identities of members of the UW IACUC, as described further below.

30.     PETA's website asserts that "Animals are not ours to experiment on, eat, wear, use for entertainment, or abuse in any other way."

<< https://www.peta.org/features/what-peta-really-stands-for/>> (reviewed February 19, 2022). Regarding the use of animals in medical research, PETA states that "PETA is at the forefront of stopping this abuse. Our dedicated team of scientists and other staff members work full time exposing the cruelty of animal tests in order to ensure their imminent end. This team… spearheads hard-hitting eyewitness exposés and public campaigns that have been pivotal in shifting public opinion against animal testing, and persuades major corporations, government agencies, and universities to abandon animal tests in favor of modern, non-animal methods."

<<https://www.peta.org/issues/animals-used-for-experimentation/>> (reviewed February 19, 2022).

31.     PETA's website announces that PETA deliberately encourages its followers to send an overwhelming number of communications demanding closure of animal research institutions and programs. For example, for some time, PETA has been opposing the Washington National Primate Research Center. PETA itself previously declared on its website that "PETA supporters have sent more than 57,000 e-mails calling for the immediate closure of the WaNPRC and the release of the monkeys there to reputable sanctuaries." Available at <<https://www.peta.org/blog/peta-sues-uw-monkey-experiments/>> (as of February 19, 2022; PETA has since updated the blog post, as of November 30, 2022, and apparently removed its statement about PETA supporters' "57,000 emails" (reviewed December 28, 2023)).

32.     During 2022, persons officially affiliated with PETA urged a hotel in Maine to cancel an international research conference specifically because Dr. Michele Basso, the director of the WaNPRC, was scheduled to participate in the conference, along with another UW researcher affiliated with the WaNPRC.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

33.    During the same time PETA was urging the hotel to cancel the research conference, Dr. Basso received an anonymous text message that addressed her by name and stated: "Looking fwd to seeing you in maine next week We are planning something special for you !!"

34.    PETA has a documented history of publicly criticizing individual scientists' research for years at a time, resulting in those scientists receiving critical and sometimes threatening communications from members of the public. For example, Dr. Christine Lattin, who conducts research involving birds, has been repeatedly criticized by name by PETA for more than six years, during her time at Yale University and Louisiana State University.

35.    During that time, according to media reports, PETA's repeated calls for action against Dr. Lattin's research have led to a "deluge" of death threat emails against Dr. Lattin, along with letters to her and her neighbors. Dr. Lattin "accused PETA of lying about her work in order to create outrage that will prompt its supporters to donate to the group. 'A big misconception out there is that this work is unregulated,' Lattin said. 'It's incredibly, highly regulated, which I think is as it should be. Animal researchers, including myself, care deeply about minimizing any kind of suffering and distress in research animals, and we only use animals in research when there's no other alternative.'" Baton Rouge *Advocate*, Jan. 4, 2021: << [PETA labeled an LSU researcher a bird-killer. She's pushing back against the 'lies' | Education | theadvocate.com](#) >> (last visited January 5, 2024).

36.    In response, a PETA official was quoted as saying she "doesn't agree with some of the vile language that's appeared in emails and Tweets [targeting Dr. Lattin], but she supports its intent, and says words don't equal action."

37.    IACUC members and alternates reasonably believe that disclosure of their currently anonymous identities, despite the otherwise fully public IACUC meetings and reports, to requesters of records, will in turn allow members of the public who oppose the use of animals in medical research to individually harass and intimidate IACUC members and alternates. IACUC members

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

and alternates reasonably believe they would be harmed if their identities were made public by being subjected to increased harassment and threats.

38.     UW IACUC members have serious concerns about their safety and well-being if their identities are disclosed despite their current anonymity. Members believe the ongoing harassment targeting IACUC members and animal researchers has created "an environment of fear" that is making it more difficult to recruit and retain members. Dr. Sullivan previously declared "I believe that the release of IACUC members' names will have a profound negative impact on our ability to function as a committee."

39.     Individuals and organizations opposed to scientific and medical research involving animals have filed multiple public records requests under Washington's state Public Records Act that could or would require UW to disclose the identities of current and former IACUC members and alternates.

40.     In 2021, a public records request was filed with the University of Washington by Dr. Lisa Jones-Engel, who is affiliated with PETA. The request asked for "copies of all of the Institutional Animal Care and Use Committee appointment letters that institutional officials have created or produced."

41.     In 2022, individuals associated with Plaintiffs brought a lawsuit against Defendants UW and Saunders, seeking to enjoin Defendants from disclosing the identities of UW IACUC members in response to PETA's public records requests. *See Jane Sullivan et al. v. University of Washington, et al.*, Cause No. 2:22-cv-0204-RAJ (W.D. Wash) ("*Sullivan*"). The individual named plaintiffs in that action were Dr. Jane Sullivan, the chair of the UW IACUC, and P. Poe 1, an anonymous member of the UW IACUC. During that action, this Court twice granted injunctive relief against Defendants, barring disclosure of the requested records. *See id*., Dkt No. 38 (April 26, 2022 Order granting preliminary injunction); Dkt No. 80 (May 3, 2023 Order granting preliminary injunction).

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

42.      The Ninth Circuit Court of Appeals subsequently concluded the individual Plaintiffs in No. 2:22-cv-0204-RAJ, Dr. Sullivan and P. Poe 1, lacked standing to represent the asserted interests of the UW IACUC. In an unpublished opinion, the Ninth Circuit held Dr. Sullivan lacked standing to represent the institutional interests of the UW IACUC in her personal capacity, and held that P. Poe 1 lacked standing because his identity had been disclosed to PETA by UW prior to the original filing of the action (in response to an earlier public records request that Plaintiffs were not given the opportunity to oppose). *See Jane Sullivan et al. v. University of Washington, et al.*, 2023 WL 8621992 (9th Cir. Dec. 13, 2023). The Ninth Circuit declined to disturb the district court's underlying legal reasoning.

43.      After the Ninth Circuit dismissed the *Sullivan* case on standing grounds, PETA stated it was withdrawing its public records requests previously submitted by Dr. Jones-Engel, as of December 19, 2023.

44.      After PETA withdrew those public records requests, the UW Defendants informed Plaintiffs they believed additional records requests remain open and pending that would or could require disclosure of records identifying the members and alternates of the UW IACUC, if disclosure were not enjoined. The UW Defendants stated they would disclose any records subject to disclosure in the absence of a court order by February 16, 2024. The UW Defendants also stated they would no longer notify Plaintiffs of future public records requests for Plaintiffs' personally identifying information, so as to allow Plaintiffs to oppose disclosure.

45.      The UW Defendants have stated that one of the currently "open" public records requests that may call for UW IACUC records was submitted in July of 2022 by an individual associated with PETA's "Laboratory Investigations Department." Another public records request the UW Defendants currently consider "open" is associated with a group called Rise for Animals. Another comes from an individual associated with the Northwest Animal Rights Network ("NARN").

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

46.     Rise for Animals describes itself as "a national animal rights organization on a mission to end nonhuman animal experimentation in our lifetimes. With the support of humans like you, we advocate for the abolition of nonhuman animal experimentation, including the liberation of nonhuman animals[.]" << https://riseforanimals.org/our-story/ >> (reviewed December 28, 2023).

47.     Rise for Animals asserts the answer to the question "Don't we need to experiment on animals to find cures for diseases?" is "No… Experiments on nonhuman animals don't save human lives." *Id*. With respect to the UW IACUC specifically, Rise for Animals claims the "IACUC is supposed to be the oversight committee that protects animals who are experimented on, however, it operates as a rubber stamp for research experiments, opting to approve all studies regardless of any Animal Welfare Act violations or the extent of pain a nonhuman animal will receive while being experimented on." << https://riseforanimals.org/news/narn/ >> (reviewed December 28, 2023).

48.     Rise for Animals describes itself as an "ally and collaborat[or] with" NARN, which also "campaigns against animal experimentation at the University of Washington" including organizing "monthly demo[nstrations.]" *Id*.

49.     Based on public information, NARN appears to be associated with PETA, as follows:

50.     NARN's website includes images of protests against the WaNPRC that took place near the UW's Husky Stadium on or about August and September of 2022. Protestors are pictured holding signs reading "UW: Stop Killing Endangered Monkeys," "Hurting Monkeys Won't Help Humans," and "UW: CLOSE THE CRUEL PRIMATE RESEARCH CENTER," followed by the PETA and NARN logos side-by-side. Individuals holding NARN/PETA signs are also pictured standing behind a large pre-printed banner with the statement "University of Washington BOUNDLESS MISERY" and the PETA logo. *See* NARN, "Animals in Labs at the University of Washington," << https://narn.org/animals-in-labs/ >> (reviewed December 28, 2023).

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

51.     NARN specifically criticizes the UW IACUC, asserting it "has acted like a rubber stamp, never seeing a research study that used non-human animals that they didn't approve of, no matter how heinous the experiment." On the same webpage, NARN links to a PETA YouTube video criticizing the WaNPRC. *Id*.

52.     NARN encourages its members and supporters to sign up to testify at the UW IACUC's monthly meetings, and provides them with instructions how to do so. << https://docs.google.com/document/d/1LQQBZPOtO9wo3Apmoxrhk4Qm028DI4vO1ve5FdR37dU/edit >> (reviewed December 28, 2023).

53.     Plaintiffs notified both PETA (through its counsel) and NARN that Plaintiffs intended to file this renewed litigation. In response, both PETA and NARN stated that at this time, their records requests are not intended to seek the identities of UW IACUC members, and that they would accept the release of documents with IACUC members' personally identifying information redacted. However, both PETA and NARN reserved the right to seek such information in the future. Meanwhile, the UW stated its position on redactions is that "historically the University only makes redactions that are supported by exemptions in the Act or other statutes, and not those that are by request."

54.     On information and belief, the release of UW IACUC members and alternates' identifying information to these or other requesters will have essentially the same result and effects as the release of identifying information to PETA in the previous *Sullivan* litigation would have.

## IV.     CLASS ACTION ALLEGATIONS

55.     Under Fed. R. Civ. P. 23(b), Plaintiff P. Poe 5 seeks to bring this action as a class action on behalf of themselves and all individuals similarly situated ("P. Poes 2-4, 6-75").

56.     **Class Definition:** The proposed class consists of individuals who are current and former members and alternate members of the IACUC at the University of Washington, whose personally identifying information is reflected in one or more appointment letters, and/or in

COMPLAINT - 13
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

communications relating to public records requests, and whose personally identifying information has not been previously disclosed by the University of Washington.

57.     **Numerosity:** On information and belief, there are approximately 70 members in the proposed Class, who are unable to sue individually in the short time available prior to the University's stated intent to release the records in question. This Class is sufficiently numerous that it is impracticable to join each individual member. It will substantially benefit all parties and the Court if the claims of the Class may be considered and adjudicated in a single action.

58.     **Commonality:** The claims of Plaintiffs and the class Plaintiffs seek to represent present common questions of law and fact. These include, but are not limited to, whether Plaintiffs' rights to personal security, bodily integrity, and informational privacy under the Constitutions of Washington and the United States constitute an exemption to disclosure under RCW 42.56, and whether the Court should grant injunctive relief barring Defendants from releasing Plaintiffs' unredacted personally identifying information.

59.     **Typicality:** The claims of Plaintiffs are typical of the Class. Plaintiffs' claims are based on the same conduct by Defendants and share the same legal bases.

60.     **Adequacy:** Plaintiffs are adequate representatives of the proposed Class, as their legal interests are in all respects aligned. Plaintiffs have retained the representation of undersigned counsel, who is experienced in class action litigation, and Plaintiffs have the resources necessary to prosecute this action.

61.      **Injunctive Relief**: Because Defendants threaten to act on grounds applicable to the proposed Class as a whole, injunctive relief as to the proposed Class as a whole is appropriate, and would avoid a risk of duplicative litigation and inconsistent adjudications.

COMPLAINT - 14
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

**GOLDFARB & HUCK
ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## FIRST CAUSE OF ACTION

## VIOLATION OF CONSTITUTIONAL RIGHTS OF PERSONAL SECURITY, BODILY INTEGRITY, AND INFORMATIONAL PRIVACY

62.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

63.     Plaintiffs have rights of personal security, bodily integrity, and informational privacy under Article I, section 3 of the Constitution of Washington and under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, respectively.

64.     Harassment and threats directed at Plaintiffs due to their activities related to the UW IACUC, that would likely result from the disclosure of their personally identifying information, violate Plaintiffs' rights of personal security, bodily integrity, and informational privacy.

65.     Under the present circumstances, Defendants' disclosure of Plaintiffs' personally identifying information pursuant to Washington's Public Records Act would infringe on Plaintiffs' constitutional rights of personal security, bodily integrity, and informational privacy under the Constitutions of Washington and the United States.

66.     To the extent Defendants are state officers acting in their official capacity under color of state law, Plaintiffs may further obtain injunctive relief under Title 42, United States Code, Section 1983, from Defendants' deprivation of Plaintiffs' constitutional rights.

## SECOND CAUSE OF ACTION

## INJUNCTIVE RELIEF (RCW 42.56.540)

67.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

68.     Washington's Public Records Act, RCW 42.56.540, authorizes a court to enjoin the release of a public record when "such examination would clearly not be in the public interest and would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions."

COMPLAINT - 15
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

**GOLDFARB & HUCK
ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

69.     Washington's Public Records Act, RCW 42.56.070(1), further provides that a public record may be exempt from disclosure under an "other statute" outside of the Public Records Act "which exempts or prohibits disclosure of specific information or records."

70.     Plaintiffs' constitutional rights of personal security, bodily integrity, and informational privacy under Article I, section 3 of the Constitution of Washington and under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States constitute an "other statute" exempting Plaintiffs' personally identifying information from disclosure under RCW 42.56.070(1), and therefore authorizing an injunction under RCW 42.56.540.

71.     In the alternative, Plaintiffs' constitutional rights of personal security, bodily integrity, and informational privacy under Article I, section 3 of the Constitution of Washington and under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States constitute an independent source of legal authority exempting Plaintiffs' personally identifying information from disclosure under Washington's Public Records Act, and therefore authorizing an injunction under RCW 42.56.540.

72.     Because the disclosure of Plaintiffs' personally identifying information would infringe on Plaintiffs' constitutional rights of personal security, bodily integrity, and informational privacy, Plaintiffs are entitled to an injunction barring disclosure of such information under RCW 42.56.070(1) and RCW 42.56.540.

## THIRD CAUSE OF ACTION

### INJUNCTIVE RELIEF (RCW 4.24.580; 42.56.540)

73.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

74.     Washington's Public Records Act, RCW 42.56.540, authorizes a court to enjoin the release of a public record when "such examination would clearly not be in the public interest and

COMPLAINT - 16
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions."

75.     Washington's Public Records Act, RCW 42.56.070(1), further provides that a public record may be exempt from disclosure under an "other statute" outside of the Public Records Act "which exempts or prohibits disclosure of specific information or records."

76.     RCW 4.24.580, "Acts against animal facilities – Injunction," provides that individuals employed at a research or educational facility where animals are used for research, educational, or agricultural purposes who are harassed, or believe they are about to be harassed, by an organization, person, or persons whose intent is to stop or modify the facility's use or uses of an animal or animals, may apply for injunctive relief to prevent the harassment.

77.     Under RCW 4.24.580, Plaintiffs are individuals employed at a research or educational facility where animals are used for research, educational, or agricultural purposes, who are harassed, or believe they are about to be harassed, by an organization, person, or persons whose intent is to stop or modify the facility's use or uses of an animal or animals.

78.     RCW 4.24.580 constitutes an "other statute" exempting Plaintiffs' personally identifying information from disclosure under RCW 42.56.070(1), and therefore authorizing an injunction under RCW 42.56.540 in favor of Plaintiffs.

## FOURTH CAUSE OF ACTION

## DECLARATORY JUDGMENT

79.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

80.     Plaintiffs are entitled to a declaratory judgment against Defendants, because a substantial controversy exists between Plaintiffs and Defendants, as alleged herein.

81.     Plaintiffs are entitled to a declaratory judgment whether Plaintiffs' constitutional rights to personal security, bodily integrity, and informational privacy constitute an "other statute" exempting Plaintiffs' personally identifying information from disclosure under RCW

COMPLAINT - 17
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

42.56.070(1), or constitutional authority for an exemption from the PRA, and therefore authorizing an injunction under RCW 42.56.540.

82.     Plaintiffs are entitled to a declaratory judgment whether RCW 4.24.580 constitutes an "other statute" exempting Plaintiffs' personally identifying information from disclosure under RCW 42.56.070(1), and therefore authorizing an injunction under RCW 42.56.540.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment in their favor and relief against Defendants as follows:

A.     Temporary, preliminary, and permanent injunctive relief, enjoining each of Defendants from disclosing personally identifying information identifying Plaintiffs as current or former members or alternates of the UW IACUC;

B.     Declaratory judgment that the release of Plaintiffs' personally identifying information would violate the constitutional rights of Plaintiffs, under the Constitutions of Washington and the United States, and for that reason such information is exempt from disclosure under Washington's Public Records Act;

C.     Declaratory judgment that the "P. Poe" plaintiffs and class members are individuals who can demonstrate that they are harassed, or believe that they are about to be harassed, as required by RCW 4.24.580, and thus that their personally identifying information is exempt from disclosure under RCW 42.56.070(1), and that disclosure of such information should be enjoined under RCW 42.56.540;

D.     Certification of a class of Plaintiffs as defined above;

E.     The appointment of Plaintiffs as representatives of the certified class;

F.     The appointment of undersigned counsel as counsel for the certified class; and

G.     Such other and further relief as the Court deems proper and just.

COMPLAINT - 18
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

**GOLDFARB & HUCK
ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1

2      DATED this 8th day of February, 2024.

3

4

5            Respectfully submitted,

6            **Goldfarb & Huck Roth Riojas, PLLC**

7            */s/Darwin P. Roberts*
             Darwin P. Roberts, WSBA No. 32539
8

9            925 Fourth Avenue, Suite 3950
             Seattle, Washington 98104
10           Telephone: (206) 452-0260
             Facsimile: (206) 397-3062
11           E-mail:   roberts@goldfarb-huck.com

12

13           Counsel for Plaintiffs P. Poe 5, *et al*.

14

15

16

17

18

19

20

21

22

23

24

25

26

**GOLDFARB & HUCK
ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260