**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| P POE 5; P POES, 2 through 4 and 6 through 75, individually and on behalf of others similarly situated,<br><br>        Plaintiffs - Appellees,<br><br> v.<br><br>UNIVERSITY OF WASHINGTON, a Washington public corporation; ERIN RANCE, Interim Manager for the University's Office of Public Records and Open Public Meetings,<br><br>        Defendants - Appellees,<br><br>PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.; NORTHWEST ANIMAL RIGHTS NETWORK,<br><br>        Intervenor-Defendants – Appellants. | No. 24-2765<br><br>D.C. No. 2:24-cv-00170-JHC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted November 22, 2024
Seattle, Washington

Before: GOULD, LEE, and H.A. THOMAS, Circuit Judges.

People for the Ethical Treatment of Animals, Inc. and Northwest Animal Rights Network appeal the district court's order granting a preliminary injunction enjoining the University of Washington ("UW") et al. from disclosing information identifying the plaintiffs and putative class members (collectively, "the Poes") as current, former, or alternate members of UW's Institutional Animal Care and Use Committee ("IACUC").

We review the district court's grant of a preliminary injunction for an abuse of discretion. *Doe v. Reed*, 586 F.3d 671, 676 (9th Cir. 2009), *aff'd* 561 U.S. 186 (2010). A district court abuses its discretion "if it bases its decision on an erroneous legal standard or clearly erroneous findings of fact." *Id.* "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Likelihood of success on the merits is the most important . . . factor." *Disney Enters v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (internal quotation marks and citation omitted).

We have jurisdiction pursuant to 28 U.S.C. § 1292. We reverse and remand.

1.	The Poes are not likely to succeed on the merits of their claim that UW's disclosure of their identities as members of the IACUC would violate their constitutional right to informational privacy, because the information the Poes seek to keep private is not implicated by this right. *See Disney Enters*, 869 F.3d at 856 (holding that when a plaintiff fails to show a likelihood of success on the merits, "the court need not consider the other factors in the absence of serious questions going to the merits" (internal quotation marks and citation omitted)). To determine whether the disclosure of a plaintiff's information would be unconstitutional, we engage in a two-step inquiry. First, we ask whether the information at issue is the type of highly sensitive personal information that falls within the scope of the right to informational privacy. *See, e.g.*, *Doe v. Garland*, 17 F.4th 941, 947 (9th Cir. 2021); *Doe v. Bonta*, 101 F.4th 633, 637–38 (9th Cir. 2024). Second, assuming the information implicates the right to privacy, we engage in a balancing test to determine whether the plaintiff's interest in preventing disclosure outweighs the public interest in disclosure. *See, e.g.*, *Doe v. Att'y Gen.*, 941 F.2d 780, 796 (9th Cir. 1991); *In re Crawford*, 194 F.3d 954, 959–60 (9th Cir. 1999).

The Poes do not satisfy step one of this inquiry. As we recently held in *Bonta*, basic "biographical data," including a person's "name, address, identification, place of birth, telephone number, occupation, sex, description, and legal aliases," is not highly sensitive personal information, and thus categorically

does not "implicate the right to privacy." *Bonta*, 101 F.4th at 637–38. That such information would identify the Poes as members of UW's IACUC does not save their claim, as the fact that the Poes are members of a "committee formed by the government to discharge an official purpose" is also not highly sensitive personal information. *Sullivan v. Univ. of Wash.*, 60 F.4th 574, 581 (9th Cir. 2023).

The Poes' basic biographical data and identities as members of UW's IACUC are far from the heartland of information that we have held implicates the constitutional right to informational privacy, such as a person's medical or sexual history. *See, e.g.*, *Thorne v. City of El Segundo*, 726 F.2d 459, 468 (9th Cir. 1983); *Doe v. Att'y Gen.*, 941 F.2d at 795–96; *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 552–53 (9th Cir. 2004), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022). The data the Poes seek to protect here is also unlike Social Security numbers, which are "not generally disclosed by individuals to the public" and the disclosure of which we have held "may implicate the constitutional right to informational privacy." *See In re Crawford*, 194 F.3d at 958.

2.      Even assuming that we have the discretion to do so, we decline to reach the remainder of the parties' claims, and remand for the district court to do so in the first instance. *See Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087–88 (9th Cir. 1989) (questioning the appropriateness of a litigant's "attempt to

use the appellate process to resolve a question that must first be resolved in the district court").

**REVERSED** and **REMANDED**.