The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| P. POE 5, and P. POEs 2 through 4 and 6 through 75, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF WASHINGTON, a Washington public corporation; ERIN RANCE, Interim Manager for the University's Office of Public Records and Open Public Meetings, in their official capacity,<br><br>Defendants,<br><br>and<br><br>PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., a Virginia nonstock corporation, and NORTHWEST ANIMAL RIGHTS NETWORK, a Washington nonprofit corporation,<br><br>Intervenor-Defendants. | No. 2:24-CV-00170-JHC<br><br>**(UNOPPOSED)**<br><br>**MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Note on motion calendar:<br>**January 17, 2025** |

## PRELIMINARY STATEMENT

Plaintiffs bring this Unopposed Motion for a Temporary Restraining Order to be entered on or before January 21, 2025, as follows:

(UNOPPOSED) MOTION FOR TEMPORARY
RESTRAINING ORDER - 1
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

Plaintiffs have discussed this Motion for Temporary Restraining Order with Intervenor-Defendants PETA and NARN (together, "Intervenors") and Defendants the University of Washington and Erin Rance (together, the "UW Defendants"). Intervenors and the UW Defendants do not oppose this Motion for a Temporary Restraining Order by Plaintiffs, based upon the following:

- Intervenors and the UW Defendants do not concede the Court has subject-matter jurisdiction to enter this TRO, or that Plaintiffs have met the requirements for issuance of a TRO on the merits.

- The parties will agree on a briefing schedule for a renewed Motion for Preliminary Injunction by Plaintiffs, subject to approval by the Court, with response briefs due approximately March 10, 2025.

- This TRO shall remain in effect until March 14, 2025, or the date of the Court's decision, whichever is later, although this TRO should not extend beyond March 28, 2025, without further order of the Court.

- Intervenors will not seek Public Records Act penalties or fees from the University of Washington while this Temporary Restraining Order remains in effect, in this matter or any separate one, with respect to records covered by the Temporary Restraining Order, in response to any pending public records request.

- This Unopposed Motion and Proposed Order are based upon similar documents agreed to by the parties and entered by the Court in the *Sullivan* litigation on April 3 and 4, 2023, *see* No. CV22-204-RAJ, Dkt #70 and Dkt #71.

### (UNOPPOSED) MOTION FOR TEMPORARY RESTRAINING ORDER

A. **Introduction and Background**

(UNOPPOSED) MOTION FOR TEMPORARY
RESTRAINING ORDER - 2
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

Plaintiffs hereby respectfully request this Court issue a Temporary Restraining Order, by no later than Tuesday, January 21, 2025, to maintain the status quo and permit a decision on the merits with respect to Plaintiffs' (upcoming) Motion for a Preliminary Injunction.

On April 3, 2024, this Court issued a Preliminary Injunction (Dkt #45). Intervenors undertook an interlocutory appeal, and the Ninth Circuit issued a memorandum opinion on December 4, 2024, reversing the injunction (No. 24-2765, Dkt #39.1). Plaintiffs filed a Petition for Rehearing En Banc, which the Court of Appeals denied on Tuesday, January 14, 2025. (No. 24-2765, Dkt #42.1). Accordingly, the parties expect the Court of Appeals' mandate to issue on Tuesday, January 21, 2025. Plaintiffs do not intend to file a petition for writ of certiorari and do not intend to file a motion to stay the Court's mandate.

The UW Defendants have not notified Plaintiffs of any change in their position that in the absence of any Temporary Restraining Order, preliminary injunction, or other judicial prohibition, they believe the Public Records Act likely requires them to release records pertaining to the UW IACUC in response to requests under Washington's Public Records Act. Plaintiffs intend to file a renewed Motion for a Preliminary Injunction barring such disclosure.

**B.      Plaintiffs are entitled to a temporary restraining order.**

Under Fed. R. Civ. P. 65 and LCR 65, this Court should grant Plaintiffs' request for a temporary restraining order, temporarily barring the UW Defendants from releasing the personally identifying information belonging to Plaintiffs and to the proposed class represented by Plaintiffs, on the same terms as this Court's previous TRO and injunction order, pending this Court's decision on Plaintiffs' Motion for a Preliminary Injunction.

**1.      Standards for granting a temporary restraining order.**

Under the federal courts' well-established standards, Plaintiffs are entitled to a temporary restraining order upon showing: "(1) A likelihood of success on the merits; (2) That they are likely to suffer irreparable harm in the absence of relief; (3) The balance of equities tip in their favor; and

(UNOPPOSED) MOTION FOR TEMPORARY
RESTRAINING ORDER - 3
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

(4) An injunction is in the public's interest." *Castillo v. Barr*, 449 F. Supp. 3d 915, 920 (C.D. Cal. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365 (2008)).

"Under the Ninth Circuit's sliding scale approach, a stronger showing of one element may offset a weaker showing of another." *Id.* (citing *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012)). "Accordingly, Petitioners are entitled to a temporary restraining order if 'serious questions going to the merits [are] raised and the balance of hardships tips sharply in [their] favor.'" *Id.* (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### 2. Plaintiffs raise "serious questions going to the merits" of their additional claims for relief.

Plaintiffs claims include that the records at issue are exempt from disclosure under Washington's Public Records act through RCW 4.24.580, an anti-harassment statute that constitutes an "other statute" exemption from PRA disclosure. Plaintiffs raise "serious questions going to the merits" as to this cause of action. First, Plaintiffs will be entitled to a preliminary injunction against disclosure based on RCW 4.24.580, RCW 42.56.070(1), and RCW 42.56.540. RCW 4.24.580 authorizes employees of research or educational facilities involved in animal research to enjoin harassment attempting to "stop or modify" those facilities' use of animals in research. As construed by the Washington Supreme Court, RCW 4.24.580 is a Public Records Act "other statute" under RCW 42.56.070(1), exempting records from disclosure when that disclosure would lead to harassment. *See Progressive Animal Welfare Soc. v. Univ. of Washington*, 125 Wn.2d 243, 263, 884 P.2d 592, 604 (1994) (*"PAWS II"*), and *Doe ex rel. Roe v. Washington State Patrol*, 185 Wn.2d 363, 385, 374 P.3d 63, 73 (2016). Plaintiffs include employees of the University of Washington who are subject to harassment as defined in the statute. Under RCW 42.56.540, the PRA's injunctive provision, this Court therefore may and should enjoin the disclosure of records that would reveal Plaintiffs' identities, to prevent Plaintiffs from being harassed.

### 3. Plaintiffs satisfy the "irreparable harm" standard for a temporary restraining order.

(UNOPPOSED) MOTION FOR TEMPORARY
RESTRAINING ORDER - 4
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

Plaintiffs will suffer irreparable harm in the absence of relief, for the same reasons stated in previous stages of this litigation. Currently, under Plaintiffs' identities as members, alternates, and former members of the IACUC at UW are maintained as confidential and are not generally available to the public at large.

Nevertheless, in response to public records requests from Intervenors and others, the UW Defendants stated to Plaintiffs that unless restrained by court order, they would release records reflecting Plaintiffs' personally identifying information. Once the information is released, the harm to Plaintiffs is irreparable, because the information cannot be un-released once public.

Similarly, under the alternate articulation of the standard, the balance of hardships tips sharply in favor of Plaintiffs. *See, e.g., Alliance for the Wild Rockies*, 632 F.3d at 1131. Plaintiffs' ability to achieve any relief will be forever destroyed if a TRO does not issue and disclosure occurs. In contrast, even if a TRO is issued, if the Court finds Plaintiffs are not entitled to a further injunction, Intervenors at most will have to wait several additional weeks for the information. The UW Defendants will wait the same period of time in order to have their legal duties clarified by this Court.

**C.    Conclusion.**

Under Fed. R. Civ. P. 65 and LCR 65, this Court should grant Plaintiffs' request for a temporary restraining order, unopposed by Defendants. The TRO should commence no later than upon the issuance of the Ninth Circuit's mandate, on or about January 21, 2025, and should continue through March 14, 2025, or the date of the Court's decision, whichever is later, although this TRO should not extend beyond March 28, 2025, without further order of the Court.

DATED this 17th day of January, 2025.

Respectfully submitted,

(UNOPPOSED) MOTION FOR TEMPORARY
RESTRAINING ORDER - 5
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

GOLDFARB & HUCK ROTH RIOJAS, PLLC

*/s/Darwin P. Roberts*
Darwin P. Roberts, WSBA No. 32539
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
Telephone: (206) 452-0260
Facsimile: (206) 397-3062
E-mail:  roberts@goldfarb-huck.com

Counsel for Plaintiffs P. Poe 5, *et al.*

Approved as to form:

s/     Nancy S. Garland
**NANCY S. GARLAND, WSBA #43501**

s/     Jessica Creighton
**JESSICA CREIGHTON, WSBA #37956**
Assistant Attorneys General
Washington Attorney General's Office
University of Washington Division
4333 Brooklyn Avenue NE, 18th Floor
Seattle, Washington 98195-9475
Phone: (206) 543-4150
Facsimile: (206) 543-0779

E-mail: nancys.garland@atg.wa.gov
jessica.creighton@atg.wa.gov

Attorneys for Defendants the University of Washington and Erin Rance


ANGELI & CALFO LLC
*s/ Peter D. Hawkes*
Peter D. Hawkes, WSBA #56794
Angeli & Calfo LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Tel: 971-420-0220
Fax: 503-227-0880

Attorneys for People for the Ethical Treatment of Animals, Inc. and Northwest Animal Rights Network

(UNOPPOSED) MOTION FOR TEMPORARY RESTRAINING ORDER - 6
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and supporting documents were filed electronically with the Clerk of the Court using the CM/ECF system on January 17, 2025, and was served via the Court's CM/ECF system on all counsel of record.

DATED this January 17, 2025, at Seattle, Washington.

*/s/Darwin P. Roberts*
Darwin P. Roberts, WSBA No. 32539

(UNOPPOSED) MOTION FOR TEMPORARY
RESTRAINING ORDER - 7
P. POE 5, ET AL. v. UNIVERSITY OF WASHINGTON, ET AL.
NO. 2:24-CV-00170

**GOLDFARB & HUCK
ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260