UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| P. POE 5, and P. POES 2 through 4 and 6 through 75, individually and on behalf of others similarly situated, | No. 2:24-CV-00170-JHC |
| Plaintiffs, | TEMPORARY RESTRAINING ORDER |
| v. | |
| THE UNIVERSITY OF WASHINGTON, a Washington public corporation; ERIN RANCE, Interim Manager for the University's Office of Public Records and Open Public Meetings, in their official capacity, | |
| Defendants, | |
| and | |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.; NORTHWEST ANIMAL RIGHTS NETWORK, | |
| Intervenor-Defendants. | |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiffs' Unopposed Motion for Temporary Restraining Order (TRO). Dkt. # 56. Plaintiffs seek to enjoin Defendants the University of Washington (UW) and Erin Rance, Interim Manager for the University's Office of Public Records and Open Public Meetings, from releasing Plaintiffs' personally identifying information in response to requests under the Washington Public Records Act (PRA). *Id.* at 3. The public records requests at issue are from the animal rights groups People for the Ethical Treatment of Animals (PETA) and Northwest Animal Rights Network (NARN). *Id.* at 2.

Plaintiffs' identities as members, alternate members, or former members of UW's Institutional Animal Care and Use Committee (IACUC) are maintained as confidential and are not publicly available. *Id.* at 5. Plaintiffs claim that, if their names or other identifying details are released, they are likely to be harassed by members of the public who are opposed to animal research. *Id.* at 4. They also argue they will suffer irreparable harm if this information is released. *Id.* at 5. And Plaintiffs maintain that this information is exempted from disclosure under RCW 4.24.580, 42.56.070(1), and 42.56.540.

Still, Defendants have notified Plaintiffs that their personally identifying information will need to be released in response to the public records request, absent a court order. *Id.* But Defendants and Intervenor-Defendants do not oppose Plaintiffs' present motion and do not oppose a TRO that expires March 14, 2025, provided the TRO does not extend beyond March 28, 2025, without further order of the Court. *Id.* at 2.

For the reasons below, the Court GRANTS Plaintiffs' motion.

# II

## BACKGROUND

A.  IACUC

Institutions that use live animals in research, tests, or experiments and accept federal funding for such work, 7 U.S.C. § 2132(e), must establish an IACUC that shall, among other things, "review . . . the research facility's program for human care and use of animals," "review and approve, require modifications in (to secure approval), or withhold approval of . . . of proposed activities related to the care and use of animals," and "review, and, if warranted, investigate concerns involving the care and use of animals at the research facility resulting from public complaints received and from reports of noncompliance received from laboratory or research facility personnel or employees," 9 CFR § 2.31(c)(1), (4), (6).

The identity of UW's IACUC members are maintained as confidential and are not generally available to the public.  Dkt. # 56 at 5.

B.  Previous Case

In a previous case filed in this District, *Sullivan v. Univ. of Washington*, 2:22-cv-00204-RAJ, Jane Sullivan, the IACUC Chair, and P. Poe 1, an IACUC member, sought a TRO and preliminary injunction to stop UW from releasing the names of members of UW's IACUC.  The court granted the TRO and preliminary injunction based on the plaintiffs' argument that the release of information would violate the plaintiffs' First Amendment right to academic association.  *Sullivan v. Univ. of Washington*, No. 2:22-CV-00204-RAJ, 2022 WL 558219, at *3 (W.D. Wash. Feb. 24, 2022).

PETA appealed the preliminary injunction and the Ninth Circuit reversed, holding that "[t]he committee members' performance of their official duties is not protected by the First

Amendment right of expressive association, and so the disclosure of public records that relate to performance of such duties does not impinge on that right." *Sullivan v. Univ. of Washington*, 60 F.4th 574, 576 (9th Cir. 2023).

On remand, the district court granted another preliminary injunction based on the plaintiffs' amended complaint. *Sullivan v. Univ. of Washington*, No. 2:22-CV-00204-RAJ, 2023 WL 3224495, at *2 (W.D. Wash. May 3, 2023). The court found the plaintiffs showed a likelihood of success on the merits as to their claim that the release of information would violate their Washington and federal constitutional rights to personal security and bodily integrity, and informational privacy. *Id.* at *3–4. PETA again appealed. The Ninth Circuit again reversed. The Ninth Circuit concluded that both Jane Sullivan and P. Poe 1 lacked standing. *Sullivan v. Univ. of Washington*, No. 23-35313, 2023 WL 8621992, at *1 (9th Cir. Dec. 13, 2023). The Ninth Circuit held, "Sullivan cannot demonstrate redressability because she cannot represent the IACUC's institutional interests in her role as the chair of the IACUC" and her identity is already known. *Id.* And the Ninth Circuit held that Poe 1 could not show redressability because the record reflected that UW already responded to a PRA request from PETA that disclosed the names and emails of "almost all" IACUC members on March 4, 2021. *Id.* Poe 1 did not furnish any information showing that their information was not disclosed on March 4, 2021, so the Ninth Circuit held that Poe 1 did not meet their "burden of establishing subject matter jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). The court did not opine on the merits of the preliminary injunction. The court vacated the injunction and remanded with instructions to dismiss the case. *Id.* at *2.

TEMPORARY RESTRAINING ORDER - 4

C.  The Present Case

UW then informed IACUC members that, because there was no longer a preliminary injunction barring disclosure, it intended to respond to public records requests without redacting the names of the committee members. Dkt. # 3 at 4. IACUC members again filed for a preliminary injunction, arguing that release of their publicly identifying information would violate their constitutional right to information privacy. Dkt. # 3 at 19. And the Court granted the requested preliminary injunction. Dkt. # 45. The Intervenor-Defendants then filed an interlocutory appeal to the Ninth Circuit, and the Ninth Circuit reversed. Dkt ## 46 & 53. The Ninth Circuit found, "basic 'biographical data,' including a person's 'name, address, identification, place of birth, telephone number, occupation, sex, description, and legal aliases,' is not highly sensitive personal information, and thus categorically does not 'implicate the right to privacy.'" *Id.* (quoting *Doe v. Bonta*, 101 F.4th 633, 637–38 (9th Cir. 2024)).

On remand, Defendants and Intervenor-Defendants do not oppose Plaintiffs' present motion so the parties can agree on a briefing schedule for a renewed Motion for Preliminary Injunction. Dkt. # 56 at 2.

### III

### DISCUSSION

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008). To obtain a TRO, Plaintiffs must show that (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of" a TRO; (3) "the balance of equities tips in [their] favor"; and (4) a TRO "is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter,* 555 U.S. at 20) (these are the

"*Winter* factors"). As mentioned above, Defendants and Intervenor-Defendants do not oppose the motion. Nor has the Court received any opposition to the motion from any other person or entity. Thus, the analysis below rests solely on Plaintiffs' submissions.

Plaintiffs claim the records at issue are exempt from disclosure under RCW 4.24.580.[1] RCW 4.24.580 allows,

> [a]ny individual who owns or is employed at a research or educational facility or an agricultural production facility where animals are used for research, educational, or agricultural purposes who is harassed, or believes that he or she is about to be harassed, by an organization, person, or persons whose intent is to stop or modify the facility's use or uses of an animal or animals, [to] apply for injunctive relief to prevent the harassment.

At this stage, and with no opposition from Defendants or Intervenor-Defendants, Plaintiffs have shown they are likely to succeed on the merits of this claim. Plaintiffs are individuals employed at an educational facility where animals are used for research and education purposes. And they believe they will be harassed by persons and organizations whose purpose is to stop the facility's use of animals. This harassment is potentially sufficient to satisfy the terms of RCW 4.24.580, which would likely make the relevant records exempt from disclosure under the PRA.

The Court has previously found the remaining *Winter* factors weigh in favor of granting the TRO and adopts that reasoning again here. *See* Dkt. # 45 at 15.

IV

---

[1] Plaintiffs also claim these records are exempt from disclosure under RCW 42.56.070(1) and 4.24.580. Because the Court finds the first *Winter* factor satisfied as to the RCW 4.24.580 claim, it declines to opine on the likelihood of success of the claims under the other two statutes.

# CONCLUSION

The Court GRANTS Plaintiffs' Motion for Preliminary Injunction. Dkt. # 56. The Court preliminarily ENJOINS Defendants as follows:

(1) Pending further order of this Court, Defendants are enjoined from disclosing the personally identifying information of Plaintiffs and putative class members—specifically, any current or former member or alternate member of the UW IACUC—in response or in relation to any request under Washington's PRA, whether in documents or communications relating to the IACUC, in documents or communications relating to the PRA requests, or otherwise, if such disclosure would identify any such individual as associated with the UW IACUC. Consistent with this Order, Defendants may produce redacted versions of the requested documents. But before producing such documents, counsel for Defendants must confer with counsel for Plaintiffs to ensure that the redactions fully adhere to this Order.

(2) Although a bond may be required when granting injunctive relief, the Court declines to require a bond. *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 733 (9th Cir. 1999) ("The district court is afforded wide discretion in setting the amount of the bond."); *Gorbach v. Reno*, 219 F.3d 1087, 1092 (9th Cir. 2000) (finding that the bond amount may be zero if there is no evidence the party will suffer damages from the injunction).

(3) The TRO injunction will be effective on the day this Order is filed and will remain in effect through March 14, 2025, but will not extend beyond March 28, 2025, without further order of the Court.

1  DATED this 21st day of January, 2025.

*[signature: John H. Chun]*

JOHN H. CHUN
United States District Judge

TEMPORARY RESTRAINING ORDER - 8