The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| P. POE 5, and P. POEs 2 through 4 and 6 through 75, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>THE UNIVERSITY OF WASHINGTON, a Washington public corporation; PERRY TAPPER, Director of Public Records and Open Public Meetings at the University of Washington, in their official capacity,<br><br>        Defendants,<br><br>        and<br><br>PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., a Virginia nonstock corporation, and NORTHWEST ANIMAL RIGHTS NETWORK, a Washington nonprofit corporation,<br><br>        Intervenor-Defendants. | No. 2:24-cv-00170-JHC<br><br>SECOND DECLARATION OF JADE McNALLAN RE: DEFENDANTS' RESPONSE TO THE MOTION FOR PRELIMINARY INJUNCTION |

I, JADE McNALLAN, state as follows:

1. I am over the age of eighteen and competent to testify herein.

2. I am a Compliance Analyst at the University of Washington's Office of Public Records and Open Public Meetings ("OPR"). I have worked at OPR since 2019.

SECOND DECLARATION OF JADE McNALLAN RE: DEFENDANTS' RESPONSE TO THE MOTION FOR PRELIMINARY INJUNCTION - 1

ATTORNEY GENERAL OF WASHINGTON
UNIVERSITY OF WASHINGTON
4333 BROOKLYN AVE NE, MS 359475
SEATTLE, WASHINGTON 98195-9475
(206) 543-4150

3.      As a Compliance Analyst, my responsibilities include overseeing public records requests, coordinating delivery of responsive records with the University departments collecting records, and reviewing records for exemptions permitted under the Public Records Act, Chapter 42.56 RCW ("PRA") and other statutes.

4.      I was the Compliance Analyst assigned to the request for Institutional Animal Care and Use Committee (IACUC) appointment letters that was the subject of the *Sullivan* lawsuit. I have also been the Compliance Analyst assigned to several public records requests that were impacted by the injunction entered in that matter.

5.      On June 24, 2021, OPR received a public records request from Dr. Lisa Jones-Engel, an employee of People for the Ethical Treatment of Animals ("PETA"), requesting "copies of all of the Institutional Animal Care and Use Committee appointment letters that institutional officials have created or produced."

6.      As the assigned Compliance Analyst, I assisted in coordinating the University's search and collection of responsive records, and carefully reviewed those records for applicable exemptions to disclosure under the PRA. During this process, I became aware that some members of the IACUC were concerned about release of their names and other identifying information in response to the request, and I shared this information with others at the University responsible for public records responses.

7.      On February 9, 2022, I sent notice via email to approximately 55 individuals to whom the responsive records pertain. Notice was given to provide them with a copy of the Request and to give them an opportunity to seek a court order under to enjoin the release of some or all of the responsive records, given the possible privacy and security interests of the identifiable persons. The notice provided that interested third parties had until 4:00 p.m. on

SECOND DECLARATION OF JADE
McNALLAN RE: DEFENDANTS'
RESPONSE TO THE MOTION FOR
PRELIMINARY INJUNCTION - 2

ATTORNEY GENERAL OF WASHINGTON
UNIVERSITY OF WASHINGTON
4333 BROOKLYN AVE NE, MS 359475
SEATTLE, WASHINGTON 98195-9475
(206) 543-4150

February 24, 2022, to obtain a court order restraining or enjoining release, and to provide that to OPR. If OPR was not provided with a court order enjoining release by close of business (4:00 p.m.) on February 24, 2022, the University intended to release the requested records on February 25, 2022.

8. The language of the temporary restraining order (which later became the language of the various preliminary injunctions) enjoined the University from:

> disclosing the personal identifying information of Plaintiffs and putative class members, specifically, any current or former or alternate member of the IACUC, in response to or in relation to any request under Washington's Public Records Act, whether in "appointment letters," in communications relating to the Public Records request, or otherwise, to the extent such disclosure would identify any such individual as associated with the IACUC. Consistent with this Order, Defendants may produce redacted version of the requested documents. But before producing such documents, they must confer with Plaintiffs to ensure that the redactions fully adhere to this Order.

9. The University interpreted this to apply to not just the public records request at issue in the lawsuit, but also to other public records requests where the request or the responsive records would associate a current or former member or alternate with the IACUC in the same record. "Personal information" was interpreted to cover: names, email addresses, job titles, departmental affiliations, mailbox numbers, and potentially more. Absent the injunction, the University would not have redacted this information, as it had been able to determine it was not exempt.

SECOND DECLARATION OF JADE McNALLAN RE: DEFENDANTS' RESPONSE TO THE MOTION FOR PRELIMINARY INJUNCTION - 3

ATTORNEY GENERAL OF WASHINGTON
UNIVERSITY OF WASHINGTON
4333 BROOKLYN AVE NE, MS 359475
SEATTLE, WASHINGTON 98195-9475
(206) 543-4150

10. Over the course of the *Sullivan* case from February 23, 2022, to the present, the University continues to receive, as it has consistently for years, public records requests related to various aspects of animal research. I have handled more than twenty public records requests that the University determined were specifically impacted by the injunction in *Sullivan* and the April 3, 2024 injunction in this case and the current Temporary Restraining Order. I am also aware that other Compliance Analysts had public records requests where during the review process it was determined that either the *Sullivan* or the April 3, 2024, or the current Temporary Restraining Order injunction applied. While these orders have been in place, the University has made redactions as directed by the orders and provided these records to plaintiff's counsel for consultation prior to release.

11. Most of the public records requests that were impacted by the injunctions were not specifically requesting records about the IACUC or its members. Instead, based on my review of the records, an IACUC member might show up in connection with a particular protocol review, incident report, or in business emails from any department involved in animal research. The affected public records requests were from individuals affiliated with PETA, other animal welfare organizations, journalists, and attorneys representing various employees. Many current and formal IACUC members are also University employees involved in animal research or animal care. Based on my review, these employees often appeared in records in their professional capacity (e.g., as professors, researchers, or veterinarians) rather than as representatives of IACUC. The employees were not necessarily identified as IACUC members, but merely involved in work requiring IACUC review or approval for a particular protocol or in connection with a specific incident review. However, due to the broad language of the

SECOND DECLARATION OF JADE McNALLAN RE: DEFENDANTS' RESPONSE TO THE MOTION FOR PRELIMINARY INJUNCTION - 4

ATTORNEY GENERAL OF WASHINGTON
UNIVERSITY OF WASHINGTON
4333 BROOKLYN AVE NE, MS 359475
SEATTLE, WASHINGTON 98195-9475
(206) 543-4150

injunction, the records "associated" them with the IACUC, and thus required additional review, redaction, and consultation with plaintiffs' counsel.

12. As of January 16, 2025, the University identified at least 20 open public records requests that may associate an IACUC member with service on the IACUC. These include: (1) a request from an individual associated with PETA for public records that reference or refer to PETA's campaign or actions by PETA and its supporters, and copies of certain University protocols related to public comment about the Washington National Primate Research Center (WaNPRC); (2) a request from an individual affiliated with the Northwest Animal Rights Network (NARN) for records regarding non-human primates that were excepted from certain requirements; (3) a request from an individual associated with NARN for communications related to euthanizing, disposing of, or transferring animals at WaNPRC; (4) a request from an individual associated with PETA for all WaNPRC communications regarding a rhesus macaque identified as #40580; (5) a request from an individual associated with Rise for Animals for records related to adverse events or unexpected outcomes that were reported to the IACUC or Attending Veterinarian, pictures/videos associated any animal research on UW premises, and the protocols related to any responsive pictures/videos; (6) a request from an individual associated with PETA for communications between Dr. Michele Basso and UW veterinary staff regarding her primate projects and protocols; (7) a request from an individual associated with PETA for any IACUC or Office of Animal Welfare communications regarding complaints, noncompliance, suspension, reprimand, etc., regarding Dr. Michele Basso's primate projects or protocols; (8) a request from an individual associated with Rise for Animals for IACUC meeting minutes from 7/1/2022 – 4/30/2024; (9) request from an individual associated with PETA for all communications between UW's Attending Veterinarian and primate center leadership regarding

SECOND DECLARATION OF JADE McNALLAN RE: DEFENDANTS' RESPONSE TO THE MOTION FOR PRELIMINARY INJUNCTION - 5

ATTORNEY GENERAL OF WASHINGTON
UNIVERSITY OF WASHINGTON
4333 BROOKLYN AVE NE, MS 359475
SEATTLE, WASHINGTON 98195-9475
(206) 543-4150

the mandate to suspend all incoming shipments of primates; (10) a request from a Seattle Times reporter for all communications to or from UW's Attending Veterinarian related to the shipments of non-human primates; (11) a request from a Seattle Times reporter for records related to the removal of Dr. Michele Basso from the position of Director of the WaNPRC; (12) a request from an individual associated with PETA for correspondence regarding the change in Director of WaNPRC from Dr. Michele Basso to Dr. Deborah Fuller; (13) a request from an individual associated with PETA for the 2022 and 2023 annual National Scientific Advisory Board reports, which are presented to the Director of the WaNPRC; (14) a request from an attorney for records related to the change in position of Dr. Michele Basso from Director of WaNPRC, including communications related to the reasoning for the change, communications to senior officials at the UW and Human Resources, formal announcements, meeting minutes, and any records responsive to other public records requests from PETA and the Seattle Times; (15) a request from an individual associated with the Physicians Committee for Responsible Medicine for protocols submitted to IACUC but not approved, from 1/1/2018 – 6/30/2024; (16) a request for communications between the Vice Provost for Research and any members of the National Scientific Advisory Board or any NIH officials in the Office of Research Infrastructure Programs (ORIP), and communications between Assistant Vice Provost for Animal Care, Outreach, and 3Rs or the Attending Veterinarian and any NIH officials; (17) a request for communications between Assistant Vice Provost for Animal Care, Outreach, and 3Rs and anyone from the University of Texas MD Anderson Cancer Center from 1/1/2024 – present; (18) a request for the protocol naming the primary investigator which involved an "intracranial procedure which resulted in a grand mal seizure," (19) a request from an individual associated with PETA for records related to a rhesus macaque identified as #21136, who arrived at WaNPRC on 8/5/2021

SECOND DECLARATION OF JADE McNALLAN RE: DEFENDANTS' RESPONSE TO THE MOTION FOR PRELIMINARY INJUNCTION - 6

ATTORNEY GENERAL OF WASHINGTON
UNIVERSITY OF WASHINGTON
4333 BROOKLYN AVE NE, MS 359475
SEATTLE, WASHINGTON 98195-9475
(206) 543-4150

from the Oregon National Primate Research Center; and (20) a request for records related to any message that created concern for the safety of individuals who were or would be present for the 12/19/2024 IACUC meeting or related to the cancellation of that meeting.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 17th day of March 2025.

Jade McNallan

SECOND DECLARATION OF JADE McNALLAN RE: DEFENDANTS' RESPONSE TO THE MOTION FOR PRELIMINARY INJUNCTION - 7

ATTORNEY GENERAL OF WASHINGTON
UNIVERSITY OF WASHINGTON
4333 BROOKLYN AVE NE, MS 359475
SEATTLE, WASHINGTON 98195-9475
(206) 543-4150